IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Johnny Jones, | ) |
| *Plaintiff*, | ) ) ) ) |
| -vs- | ) ) ) (jury demand) |
| Wexford Health Sources, Inc., a foreign corporation, and Dr. Marshall James, | ) ) ) ) |
| *Defendants*. | ) ) |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1343 and 1367(a).

2. Plaintiff Johnny Jones is a resident of the Northern District of Illinois.

3. Plaintiff is permanently disabled because of defendants' medical malpractice and deliberate indifference to his serious medical needs, as described with greater specificity below.

4. At the time of the events described below, plaintiff was a prisoner in the custody of the Illinois Department of Corrections, confined at the Sheridan Correctional Center in LaSalle County, Illinois.

5. Plaintiff is not presently confined in any jail, prison, or other correctional facility.

6. Defendant Wexford Health Sources, Inc. is a foreign corporation that provides health care to prisoners in the Illinois Department of Corrections. Plaintiff asserts state and federal law claims against defendant Wexford.

7. To raise and preserve the issue identified by Judge Hamilton in his opinion in *Shields v. Illinois Department of Corrections*, 746 F.3d 782 (7th Cir. 2014), plaintiff asserts that defendant Wexford is liable under 42 U.S.C. § 1983 for the below-described wrongdoing of its employees under the doctrine of *respondeat superior*. Plaintiff acknowledges that the Seventh Circuit rejected this argument in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014), and recognizes that this Court is required to follow that decision of the Court of Appeals.

8. Defendant Dr. Marshall James was at all relevant times a physician employed by defendant Wexford who provided medical services to prisoners at Sheridan Correctional Center.

9. On November 14, 2015, plaintiff injured his left knee.

10. Defendant James examined plaintiff on November 16, 2015 and ordered an x-ray of plaintiff's left knee.

11. On or about November 16, 2015, James learned from the x-ray that plaintiff had a patella rupture in his left knee.

12. A patella rupture is a serious injury.

13. At all relevant times, prompt surgical management has been the ordinary standard of care for a patella rupture.

14. Dr. James did not meet this standard of care and thereby committed the Illinois tort of "healing arts malpractice" when he ignored plaintiff's ruptured patella until December 8, 2015.

15. At all relevant times, a physician who met the ordinary standard of care would have known that failure to provide prompt surgical management upon diagnosis of a patella rupture will likely result in permanent injury.

16. Dr. James was deliberately indifferent to plaintiff's serious medical needs when he ignored plaintiff's ruptured patella until December 8, 2015 and thereby deprived plaintiff of rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States.

17. Dr. James ordered an MRI of plaintiff's knee on December 8, 2015.

18. Because of express policies or a widespread practice of defendant Wexford, or, in the alternative, deliberate indifference or

negligence of Wexford's employees, plaintiff did not receive an MRI until January 18, 2016.

19. The delay, which was caused by a Wexford employee or employees, from December 8, 2015 (when Dr. James ordered the MRI of plaintiff's patella rupture) to January 18, 2016 (when plaintiff received the MRI) failed to meet the ordinary standard of care.

20. The delay also constituted deliberate indifference to plaintiff's serious medical needs.

21. The MRI showed that plaintiff required surgery; plaintiff received the required surgical intervention on February 16, 2016.

22. As a result of the foregoing deliberate indifference to serious medical needs and the healing arts malpractice of defendant James and an employee or employees of defendant Wexford, plaintiff is now permanently disabled, and experienced and continues to experience great pain and suffering.

23. Defendant Wexford is jointly liable for the healing arts malpractice of Dr. James.

24. Defendant Wexford is also liable for the healing arts malpractice of the other employee or employees of defendant Wexford.

25. Plaintiffs hereby demands trial by jury.

WHEREFORE plaintiff requests that judgment be entered against defendants for appropriate compensatory and punitive damages, and that the Court award attorney fees and costs and whatsoever other relief as may be appropriate.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 427-3200
*Attorneys for Plaintiffs*

## Section 2-622 Certification

The undersigned, an attorney for plaintiff, certifies under penalty of perjury as provided by law, that the following statements are true:

1.  I have consulted and reviewed the facts of the case with a health professional whom I reasonably believe: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case.

2.  The reviewing health professional has determined in a written report, attached, after a review of the medical record and other relevant material involved in the particular action, that there is a reasonable and meritorious cause for the filing of such action.

3.  I have concluded on the basis of the reviewing health professional's review and consultation that there is reasonable and meritorious cause for filing of such action.

Dated: November 13, 2017

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman

Dear Mr. Flaxman:

I am an Internal Medicine physician licensed to practice medicine in all of its branches. I am also a Fellow of the American College of Physicians. My practice involves primary care of patients and I am familiar with the standard of care, methods, procedures, and treatments relevant to the issues presented by the care and treatment of Johnny Jones. After reviewing the records, it is my opinion that there is reasonable and meritorious cause for the filing of an action against Dr. Marshall James and Wexford Health Sources, Inc.

Mr. Jones injured his knee on November 14, 2015. Dr. James saw Mr. Jones on November 16, 2015, and ordered an x-ray. As Dr. James documented in his treatment notes, the x-ray showed a patella rupture. Dr. James did not take any action until he saw Mr. Jones again four weeks later on December 8, 2015 and ordered an MRI of Mr. Jones's knee.

Waiting four weeks to begin treating a patella rupture is a gross deviation from the ordinary standard of care because this injury requires prompt diagnosis and early surgical management.

Mr. Jones was sent for an MRI on January 18, 2016. This delay of more than a month in getting the MRI was another gross deviation from the ordinary standard of care. Mr. Jones finally received the surgical intervention that he required on February 16, 2016.

It is my opinion, to a reasonable degree of medical certainty, that the above-described departures from the ordinary standard of care directly resulted in Mr. Jones suffering while he waited for surgery, the ineffectiveness of Mr. Jones's surgery when he received it, and his continuing injuries.

Dated: November 10, 2017