IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Johnny Jones, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 17-cv-8218 |
| -vs- | ) | |
| | ) | *(Judge Rowland)* |
| Wexford Health Sources, Inc., a | ) | |
| foreign corporation, and Dr. | ) | |
| Marshall James, | ) | |
| | ) | |
| *Defendants*. | ) | |

**JOINT PROPOSED FINAL PRETRIAL ORDER**

## JOINT PROPOSED FINAL PRETRIAL ORDER

The parties, by counsel, submit the following pursuant to the Court's Standing Order:

### 1. Jurisdiction

The jurisdiction of the Court is not disputed. The Court has subject matter jurisdiction under 28 U.S.C. § 1367.

### 2. Case Statement

Johnny Jones was an inmate at the Sheridan Correctional Center when he injured his knee playing basketball. Mr. Jones is represented by Joel Flaxman and Kenneth Flaxman. Dr. Marshall James was the doctor at Sheridan who treated Mr. Jones for his injuries. Wexford Health Sources, Inc. was the employer of Dr. James. Dr. James and Wexford are represented by Matthew H. Weller, Ronald E. Neroda, and Sandra L. Byrd.

Mr. Jones alleges that Dr. James provided negligent treatment of his injury, which harmed him. Wexford is responsible for the alleged wrongdoing of its employees. Dr. James and Wexford deny all wrongdoing.

### 3. Relief Sought

Plaintiff seeks appropriate compensatory damages for physical injuries.

### 4. Trial Attorneys

For plaintiff:

Kenneth N. Flaxman
Joel A. Flaxman

200 South Michigan Ave. Ste 201
Chicago, Illinois 60604
(312) 427-3200

**For defendants:**

Matthew H. Weller
Ronald E. Neroda
Sandra L. Byrd
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100

## 5. Estimate of Trial Time

The parties estimate that trial will take three days. The parties recommend that the Court choose a jury of twelve but acknowledge that COVID considerations may require the selection of a smaller jury.

## 6. Stipulations

1. In November 2015, Mr. Jones was an inmate at Sheridan Correctional Center.

2. Wexford Health Sources, Inc. has a contract with the Illinois Department of Corrections to provide certain medical services to inmates at the Sheridan Correctional Center.

3. Dr. James was employed by Wexford as a physician at the Sheridan Correctional Center in November 2015.

4. On November 14, 2015, Mr. Jones injured his left knee.

7. **Witness Lists**
    A.    List of witnesses plaintiff will call
        1.    Expert witness
            a. Dr. Vincent Cannestra

            b. Dr. Ankhur Behl

            c. Dr. Nikhil Verma

        2.    Non-expert witnesses:
            a. Plaintiff

            b. Defendant James

    B.    List of witnesses defendant will call

        1. Expert Witnesses

            a.  Dr. Chadwick Prodromos

            b.  Dr. Ankhur Behl

            c.  Dr. Nikhil Verma

        2.    Lay witnesses:

            a.    Dr. Marshall James

            b.    Plaintiff, Johnny Jones

            c.    Amanda Theisinger

            d.    Estilita E. Balanon

Plaintiff objects to the testimony of Dr. Prodromos for the reasons set out in his motion in limine.

Plaintiff objects to the testimony of Theisinger and Balanon to the extent that testimony includes undisclosed expert opinions.

Defendants object to the testimony of Dr. Cannestra for the reasons set forth in Defendants' Motion in *Limine*.

## 8. Exhibit Lists

### Joint Exhibits

JX 1  IDOC Medical Records ("IDOC Medical 000001-000343")

JX 2  Valley West Hospital Records ("Wexford 000165-000241)

JX 3  Midwest Orthopaedics at Rush Records ("Wexford 000242-000326")

JX 4  Rush University Medical Center Records ("Wexford000327-000465")

JX 5  Oak Park Hospital Records ("Wexford 000754-000827")

JX 6  Schwab Rehabilitation Center Records ("Wexford 000828-000856")

Plaintiff does not raise any foundation objection to these medical records exhibits, but objects to the introduction of any medical record unless it is used to corroborate or explain the testimony of a witness. Plaintiff also objects to introduction of irrelevant portions of the records.

Plaintiff's Exhibits

| Number | Description | Date | Objection |
|---|---|---|---|
| PX 1 | Plaintiff's Grievance | Dec. 29, 2015 | |

Defendants object to the introduction of Plaintiff's grievance to the extent set forth in their Motion in *Limine*.

## 9. List of motions in limine

Plaintiff's contested motions in limine are (1) To Bar Evidence of Prior Convictions, (4) To Bar Evidence of Miscellaneous Prejudicial Matters, and (5) To Bar a Variety of Arguments of Counsel. (ECF No. 125.) Plaintiff has also filed a Motion to Exclude or Limit the Testimony of Defendants' Expert Witness. (ECF No. 126.)

Defendants' contested motions in *limine* are:

1. To Bar Plaintiff's Expert from Testifying

2. To Bar Reading of Written Discovery Responses

3. Barring reference to argument about other lawsuits, complaints, depositions, or grievances against Dr. James, Wexford or any other defense witness

4. Barring any argument, testimony or opinion that Plaintiff's grievance placed Dr. James or Wexford on notice

5. Barring any argument, testimony or opinion that any alleged delay in surgery caused Plaintiff's need for a second surgery

6. Barring any reference to the incorrect standard of care

7. Barring any reference to future pain or suffering

**IT IS SO ORDERED.**

DATED:

_____
United States District Judge

-6-

Respectfully submitted,

/s/ <u>Joel A. Flaxman</u>
Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
jaf@kenlaw.com
*Attorneys for Plaintiff*

/s/ <u>Sandra L. Byrd</u>
Sandra L. Byrd
Matthew H. Weller
Ronald E. Neroda
Cassiday Schade LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
sbyrd@cassiday.com
*Attorney for Defendants*